[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, whose birth name was Goutiere was married to the defendant husband on May 12, 1984 in Darien, Connecticut.
She has resided continuously in the State of Connecticut for at least one year prior to the commencement of this action.
Three children were born to the wife, all minor and all issue of the marriage, to wit: Miles Peter Soboleski, born October 13, 1984; Franklin Hale Soboleski, born January 5, 1986; and Westin John Soboleski, born September 3, 1988.
The marriage has broken down irretrievably, and a decree of dissolution may enter.
The plaintiff wife was born in Beirut, Lebanon, and has lived in this country for the past twenty years. She grew up in Virginia and, in 1980, she graduated from a private high school in Vermont. While in high school, she met her husband who was an employee of the school. CT Page 6747
Upon graduating from high school, the plaintiff went to college and two years later, in May, 1982, she received her two year degree in art. She then returned to Connecticut and lived with the defendant in his parents' home until October, 1982, whereupon they purchased the present marital home. The house was purchased solely in the defendant's name. The deed has never been changed. The purchase price was approximately $95,000 and it is undisputed that the entire down payment came from funds provided by the husband and his parents. The parents advanced $29,000 and he put in $21,000 of his own money.
Both of the parents appear to be in good health.
The wife is thirty-four years of age and the husband is thirty-five. As indicated previously, the wife has a two year degree and the husband is a high school graduate with some limited training in computer programming.
The wife has worked several part-time jobs and was the primary care giver for the children. She presently works as a stable groom and does other odd cleaning work. Her gross income is approximately $15,000, although she admits that she easily could earn an additional $100 per week. On the basis of her testimony, the court will base its awards on a gross income of $20,000.
The husband has worked throughout the marriage. He presently works as a computer programmer for a company owned by his parents. Defendant's financial affidavit reflects that his present annual earning is approximately $36,000. In 1993, he earned approximately $45,000.
The court makes the following findings:
1. The marital home has a fair market value of $171,000. The equity, therefore, is approximately $93,000.
2. The husband paid $21,000 as seed money for the purchase of the marital premises.
3. The wife inherited $50,000 in 1989. Most of this money was used for the benefit of the family unit.
4. Neither party is more at fault for the breakdown of the marriage.
5. The parties, at trial, stipulated as to the distribution of personal property. CT Page 6748
6. Defendant's parents contributed $29,000 toward the purchase of the parties' marital home.
Having considered all of the evidence and the provisions of Connecticut General Statutes, Secs. 46b-81 and 46b-82, the court further finds and orders as follows:
1. Custody and visitation shall be in accordance with the stipulation of the parties appended to this memorandum and made a part hereof.
2. The husband shall pay to the wife as child support the sum of $100 per week since this is a split custody arrangement.
3. The husband shall pay to the wife, as periodic alimony, the sum of $50 per week until the happening of the first of the following events:
(a) death of either party;
(b) cohabitation by the wife;
(c) five years from the date of this memorandum.
Alimony shall be non-modifiable as to amount.
4. The husband shall maintain medical and dental insurance as available through his employment for the benefit of the minor children. All uninsured or unreimbursed expenses shall be divided equally between the husband and the wife. The provisions of Connecticut General Statutes, Sec. 46b-84c shall apply.
5. The wife shall be granted exclusive possession of the premises located at 25 Codfish Hill Road Extension until July 1, 1996. During this period of time or for so long as she occupies said premises, the wife shall pay the monthly first mortgage charges, including taxes and insurance, and the husband shall be responsible for the payment of the second mortgage. All maintenance required during the wife's occupancy shall be paid equally between the husband and the wife. The husband shall be responsible for capital improvements or replacements.
The husband shall pay to the wife the sum of $25,000 on August 1, 1996 or upon her vacating the premises, whichever event is the latest to occur.
6. The husband shall assign to the wife, by way of a Qualified Domestic Relations Order, 50 percent of his pension plan trust valued as of one day prior to his borrowing $13,000 from said plan. Said QDRO shall provide the CT Page 6749 wife a joint and survivor annuity benefit.
7. The husband shall continue to maintain the life insurance policy or policies in existence as of March 29, 1994, naming the children as irrevocable beneficiaries for so long as he is obligated to pay child support.
8. The husband shall take the two younger children as exemptions for federal and/or state income tax purposes.
9. The parties have stipulated at trial relative to the distribution of personal property.
10. The court orders a contingent wage execution to secure the payment of court ordered alimony and child support.
11. Except as otherwise provided, each of the parties shall be responsible for his or her own liabilities, attorneys' fees and costs.
12. Each of the parties shall be responsible for 50 percent of Dr. Colen's bill to the extent it is not reimbursed by insurance and 50 percent of the bill submitted by Attorney Dornfeld in the amount of $2,400. One thousand ($1,000) dollars of the bill has already been paid.
13. The court shall restore to the wife her birth name, to wit: Hannah Margaret Goutiere.
14. The husband shall make available to the wife whatever COBRA benefits may exist through his present employment. T. The wife shall be responsible for 65 percent of said premium and the husband shall be responsible for 35 percent. This cost shall be considered as alimony so that it may be deductible by the husband.
Mihalakos, J. CT Page 6750